# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

SLSJ, LLC,

            Plaintiff,

v.

ALBERT J. KLEBAN and THE LE
RIVAGE LIMITED PARTNERSHIP,

            Defendants.

Case No. 3:14-cv-00390 (CSH)

June 18, 2018

## PLAINTIFF SLSJ, LLC's MOTION FOR SUMMARY JUDGMENT

Plaintiff SLSJ, LLC respectfully moves under Fed. R. Civ. P. 56 for entry of Summary Judgment on its First Claim for Relief in its Complaint (Dkt. No. 1), adjudging defendant Albert Kleban liable to SLSJ for breach of fiduciary duties he owed to SLSJ.

1.    On April 5, 2018, defendants Albert Kleban and Le Rivage Limited Partnership moved for summary judgment on each of plaintiff SLSJ's five claims, including its first claim for relief, which asserts a claim against Albert Kleban for breach of fiduciary duty. (Dkt. No. 87.) Defendants filed an accompanying Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment, a Local Rule 56(a)(1) Statement and 68 exhibits. (Dkt. Nos. 87–1, 87-3, 88, 89, 90.)

2.    On May 24, 2018, plaintiff SLSJ filed its "Brief in Opposition to Defendants' Motion for Summary Judgment," Local Rule 56(a)(2) Statement of Facts in Opposition to Defendants' Motion for Summary Judgment and 54 additional exhibits. (Dkt. Nos. 103–107.)

3.    In the parties' respective briefs on Defendants' Motion for Summary Judgment, plaintiff SLSJ and defendants Kleban and Le Rivage agree that SLSJ's claim for breach of fiduciary duty requires the Court to determine two elements of the claim: (1) whether defendant

**ORAL ARGUMENT REQUESTED**

Kleban owed a fiduciary duty to SLSJ; and (2), if so, whether Kleban breached by failing to deal fairly with SLSJ in purchasing its membership interests in Sun Realty Associates, LLC under the parties' 2013 Membership Interest Purchase Agreement. (*See* Pl.'s Br. at 23; Defs.' Br. at 22.) Both sides also agree the threshold determination whether Kleban owed a fiduciary duty is a question of law reserved to the Court. (*See* Pl.'s Br. at 23; Defs.' Br. at 21.)

4. Both sides also argue that the Court can determine both elements of the claim as a matter of law on summary judgment. Defendants Kleban and Le Rivage maintain that as a matter of law, Kleban owed SLSJ no fiduciary duty, and, even if he did, there is no genuine dispute that he breached any such duty because "the record demonstrates that Plaintiff's allegations against Defendants are false, and that Albert Kleban at all times relevant dealt with Plaintiff in a fair and transparent manner." (Defs.' Br. at 2; *see also id.* at 21-31, 34-41.)

5. In its opposition brief, plaintiff SLSJ argues that the evidence concerning the fiduciary relationship between Kleban and members of Sun Realty Associates, including SLSJ, was conclusive, so there is no genuine dispute on the record in the case that Kleban owed fiduciary duties to SLSJ. (Pl.'s Br. at 1, 23-34.) SLSJ's brief reviews the conclusive record: that SLSJ and other Sun Realty members reposed trust and confidence in Kleban; and that Kleban possessed superior knowledge, skill and expertise, undertook the duty to represent the interests of Sun Realty members, and occupied a superior position affording an opportunity for abuse. (*Id.* at 1-22 ("Summary of Material Facts"), and 23-34 (Argument I.A.).)

6. Concerning the second element, SLSJ argues that Kleban cannot meet his burden to establish by clear and convincing evidence that his July 29, 2013 purchase of SLSJ's membership interests was fair given his failure to make free and frank disclosure of all the relevant information he had concerning his efforts to sell Black Rock Shopping Center and its

2

value, the inadequacy of the consideration Kleban paid for SLSJ's interests, and the disparity in the parties' relative levels of sophistication and bargaining power. (Pl.'s Br. at 23, 35-41; *see also id.* at 1 ("The undisputed facts also conclusively establish that Kleban breached his fiduciary duty to SLSJ and warrant entry of summary judgment in favor of SLSJ on its first claim for relief."); and *id.* at 1-22 ("Statement of Material Facts").)

7. In support of this Motion, plaintiff SLSJ relies on, and respectfully asks the Court to consider, pages 1-41 of its previously-filed Brief in Opposition to Defendants' Motion for Summary Judgment. (Dkt. No. 103, at 1 ("Preliminary Statement"), 1-22 ("Summary of Material Facts"), and 23-41 (Argument I, "Albert Kleban Owed Fiduciary Duties and Breached Them").) SLSJ's arguments at the referenced pages and the record materials referenced therein show not only that defendants' request for summary judgment on SLSJ's breach of fiduciary duty claim must be denied, but that there is no genuine issue as to any material fact such that SLSJ is entitled to judgment that defendant Kleban is liable for breaching his fiduciary duty to SLSJ as a matter of law.

8. In making this Motion, SLSJ also relies on, and respectfully asks the Court to consider: (a) SLSJ's "Statement of Additional Facts" at pages 23-35 of in its Local Rule 56(a)(2) Statement of Facts in Opposition to Defendants' Motion for Summary Judgment (Dkt. No. 104); (b) its accompanying exhibits (Dkt. Nos. 105–107); (c) paragraphs 1-4, 9-15, 69-70, 72, 76, 78, 80, and 83-88 of Defendants' Local Rule 56(a)(1) Statement (Dkt. No. 87-3)[1]; (d) SLSJ's corresponding responses in its Local Rule 56(a)(2) Statement (Dkt. No. 104); and

---

[1] Page 5, Line 6 of SLSJ's Brief in opposition to Defendants' Motion for Summary Judgment inadvertently cites erroneously to paragraphs 83-99 of Defendants' Local Rule 56(a)(1) Statement, but should cite only to paragraphs 83-88.

(e) Defendants' exhibits cited in SLSJ's Brief in Opposition to Defendants' Motion for Summary Judgment (Dkt. Nos. 88, 89, 90).

9. In making this Motion asking the Court to consider entry of summary judgment in favor of SLSJ on its First Claim for Relief without additional briefing, SLSJ notes that Rule 56(f) of the Federal Rules of Civil Procedure contemplates entry of summary judgment under such circumstances, expressly authorizing a district court to "grant summary judgment for a nonmovant." Fed. R. Civ. P. 56(f)(1). The Rule also permits the Court to "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3). SLSJ respectfully submits that its opposition brief and supporting materials establish grounds to grant this motion and that submitting a separate, additional brief and statement of undisputed facts in support of this motion would be redundant and undermine judicial economy and conservation of the parties' resources.

10. SLSJ does not intend, by relying on its prior opposition brief and the parties' respective Local Rule 56(a) Statements of Facts, to diminish or curtail defendants' right and opportunity under Local Rule 7(a) to file an opposition memorandum in response to this motion as permitted under that Rule, SLSJ's corresponding right and opportunity in that event under Local Rule 7(d) to file a reply, or defendants' right and opportunity to file a Local Rule 56(a)(2) Statement of Facts in Opposition to Summary Judgment in response to SLSJ's "Statement of Additional Facts" at pages 23-35 of its Local Rule 56(a)(2) Statement of Facts in Opposition to Defendants' Motion for Summary Judgment (Dkt. No. 104).

WHEREFORE, plaintiff SLSJ, LLC respectfully requests entry of an order under Rule 56 of the Federal Rules of Civil Procedure:

a. Finding, as a matter of law, that the record establishes that defendant Kleban owed fiduciary duties to plaintiff SLSJ, LLC;

b. Finding that defendants cannot meet their burden to show, by clear and convincing evidence, that Kleban dealt fairly with SLSJ in connection his purchase of SLSJ's membership interests in Sun Realty Associates, LLC under the parties' Membership Interest Purchase Agreement, so there is no genuine dispute that Kleban breached the fiduciary duties he owed SLSJ;

c. Finding Kleban liable to SLSJ on SLSJ's First Claim for Relief; and

d. entering summary judgment for SLSJ and against Kleban on SLSJ's First Claim for Relief, finding Kleban liable for breach of the fiduciary duties he owed to SLSJ; and

e. setting the matter for a hearing on damages.

Respectfully submitted,

Plaintiff,
SLSJ, LLC,

By: */s/ David E. Lieberman*
David E. Lieberman (phv 06920)

Joseph J. Cherico (ct 24869)　　　　　　David E. Lieberman (phv 06902)
McCarter & English, LLP　　　　　　　Levin Schreder & Carey Ltd.
One Canterbury Green　　　　　　　　120 North LaSalle Street, 38th Floor
201 Broad Street　　　　　　　　　　　Chicago, IL  60602
Stamford, CT  06901　　　　　　　　　Tel.:  (312) 332-6300
Tel.:  (203) 399-5900　　　　　　　　　Fax:  (312) 332-6393
Fax:  (203) 399-5800　　　　　　　　　Email:  david@lsclaw.com
Email:  jcherico@mccarter.com

## CERTIFICATE OF SERVICE

I hereby certify that on this **18th day of June, 2018**, a copy of the foregoing **Plaintiff SLSJ, LLC's Motion for Summary Judgment** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                              */s/ David E. Lieberman*
David E. Lieberman (phv 06920)
Levin Schreder & Carey Ltd.
120 North LaSalle Street, 38th Floor
Chicago, IL 60602
Tel.: (312) 332-6300
Fax: (312) 332-6393
Email: david@lsclaw.com

468017.2