# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

SLSJ, LLC,

         Plaintiff,

v.

ALBERT J. KLEBAN and THE LE RIVAGE
LIMITED PARTNERSHIP,

         Defendants.

Civil Action No.
3:14-cv-390 (CSH)

**NOVEMBER 19, 2020**

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO RECONSIDER [Doc. 133]

**HAIGHT, Senior District Judge:**

Plaintiff moves [Doc. 133] under Local Civil Rule 7(c) for reconsideration of the Court's Ruling dated October 6, 2020 [Doc. 132] on cross-motions for partial summary judgment ("the October Ruling").

Familiarity with the October Ruling, reported at 2020 WL 5947141 (D. Conn. Oct. 6, 2020), is assumed. For purposes of this motion for reconsideration, it is sufficient to recall that the October 6 Ruling construed the partial cross-motions as posing "questions relating to the existence *vel non* of a fiduciary relationship between the parties, and the effect of a fiduciary relationship if it existed." 2020 WL 5947141, at *1. The October Ruling then undertook to summarize the parties' theories of the case. On Defendants' theory, "no fiduciary relationship existed between Albert Kleban and SLSJ and/or Lois Jeruss, or alternatively, if such relationship existed, Kleban did not breach it." *Id.* On Plaintiff's theory, "a fiduciary relationship existed between Albert Kleban on the one hand and

1

SLSJ and/or Lois Jeruss on the other, and Kleban breached that relationship." *Id.* at *2.

After considering counsels' oral arguments and supplemental briefs, the Court issued its October Ruling. The October Ruling contains several separate and discrete holdings. The first is that "at the relevant times, a fiduciary relationship existed between Albert Kleban as fiduciary, and SLSJ and Lois Jeruss as beneficiaries." *Id.* at *12. That holding, the October Ruling reasoned, triggered "additional questions with respect to Plaintiff's claim for breach of a fiduciary duty," which the Ruling stated thus: "Did Kleban breach a fiduciary duty *owing to SLSJ and Jeruss*? And did such a breach proximately cause damage *to SLSJ and Jeruss*?" *Id.* (emphasis in original).

The October Ruling answered those two additional questions in inverse order. The Ruling held that "Plaintiff's claim against Kleban for damages based on breach of fiduciary duty fails for lack of proximate causation," given the Court's refusal "to trace Albert Kleban's fiduciary liability beyond the termination of SLSJ's membership interest in Sun Realty," an event occurring two months before the sale of Sun Realty to Regency. *Id.* at *15. The Court regarded that chronology as significant, since the Court expressed its understanding that "[t]he damage SLSJ claims to have suffered is derived solely from a comparison of the value ascribed to Sun Realty" when SLSJ sold its interest in Sun Realty to Kleban and the value ascribed to Sun Realty when Kleban sold that acquired interest to Regency. *Id.* at *14. As for the other question, the October Ruling held that Kleban "proved by clear and convincing evidence that he engaged in fair dealing with SLSJ during the course of the purchase and sale transaction in July 2013." *Id.* at *17.

Plaintiff's present motion asks the Court to reconsider both holdings. Defendants oppose that motion. Defendants do not ask the Court to reconsider its holding that a fiduciary relationship existed between Albert Kleban and Plaintiff SLSJ.

2

As for the October Ruling's holding on proximate cause, Plaintiff's brief on reconsideration argues that "the Court's proximate cause finding rests on the incorrect premise that SLSJ's damage claim is 'derived solely from a comparison of the' $23.08 million value ascribed to Sun Realty's real estate in the June Kleban-SLSJ transaction and the $30.6 million valuation ascribed to the property in the October Regency transaction." Doc. 133-1, at 3 (quoting the October Ruling, 2020 WL 5947141, at *14). Plaintiff contends on reconsideration that the Court got its proximate cause holding wrong because its "incorrect premise" led the Court into the error of failing to understand SLSJ's "actual claim – that SLSJ suffered damages the moment the Kleban-SLSJ transaction closed by receiving inadequate consideration." *Id.* at 3. The October Ruling is wrong, Plaintiff's brief continues, because "SLSJ's damage claim is not so narrow" as the Court erroneously expressed: "Rather, SLSJ's damage claim, as alleged in its complaint and continuing through its summary judgment brief, is that it suffered injury not when the Regency transaction closed, but, rather, at the moment SLSJ's sale transaction with Kleban closed, on July 29, 2013, because SLSJ received inadequate consideration . . . ." *Id.* at 4.

If, for the sake of this discussion, I should acknowledge that the October Ruling misunderstood Plaintiff's claim, I may perhaps be excused by the manner in which Plaintiff's counsel drafted "Plaintiff's Damages Analysis," produced during discovery and filed on June 30, 2016. Doc. 134 ("Exhibit A"), at 7-9. That analysis recites that "Plaintiff calculates its damages" as "one-third of the difference between: (1) the $30,609,665.15 value" attributed to Sun Realty in the agreement with Regency "and (2) the $23,082,960 value" attributed to Sun Realty in Kleban's agreement with Plaintiff. *Id.* at 7. That description of damages reads very much like the Court's recitation of the nature of Plaintiff's claim in the October Ruling. However, it must also be

3

recognized that this Damages Analysis goes on to state that but for Kleban's "wrongful conduct," SLSJ "would not have agreed" to a transaction with Kleban "based on the $23,082,960 value" of Sun Realty. *Id.* The "wrongful conduct" Plaintiff had in mind was Kleban's allegedly wrongful failure to disclose ongoing efforts to sell Sun Realty to third parties. Arguably, the "Plaintiff's Damages Analysis" produced in discovery in 2016 is not inconsistent with the earlier-accrued claim for damages Plaintiff stresses in its present effort to obtain reconsideration of the October Ruling's holding on proximate cause.

A motion for reconsideration under Local Rule 7 is not favored and rarely granted.[1] In the case at bar, however, there is a particular circumstance that favors the motion. The Court's pre-hearing memorandum and comments during oral argument tended to focus the discussion upon the existence, nature, and asserted breach of a fiduciary relationship between the parties. A causal connection between a breach of fiduciary duty and discernible damage to Plaintiff, while a necessary element of a cause of action, fell somewhat outside of the previously set boundaries of the hearing's structure. The submission of Plaintiff's counsel during the hearing concerning his client's damages

---

[1] The Second Circuit has articulated that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y.1990) and *Adams v. United States*, 686 F. Supp. 417, 418 (S.D.N.Y. 1988)). *See also Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) (same).

In accordance with this standard, this District's Local Civil Rule 7(c) dictates that a motion for reconsideration "shall satisfy the strict standard applicable to such motions" and "will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." D. Conn. L. Civ. R. 7(c)(1). As set forth in detail *infra*, in the case at bar, Plaintiff's motion for reconsideration focuses on the issues of proximate cause and whether Kleban engaged in fair dealing with SLSJ.

came in response to a question by the Court. *See* the October Ruling, 2020 WL 5947141, at *8. The question of proximate cause was not argued during the hearing. Subsequently, the Court filed the October Ruling, which held that Plaintiff's claim failed for lack of proximate cause. I think the justice of the cause requires giving Plaintiff the opportunity to revisit (if that is the appropriate word, it should perhaps be "visit") the issue of proximate cause. The proper vehicle for doing so is a motion for reconsideration.

The same considerations apply to the second holding Plaintiff challenges in this motion, that Kleban engaged in fair dealing with SLSJ. That issue is inextricably bound up with proximate cause. I will allow further proceedings with respect to both questions raised by Plaintiff's motion for reconsideration.

It is perhaps necessary to say that nothing in this Memorandum and Order expresses or intimates any view of the Court on the merits of the contentions Plaintiff makes in support of its motion for reconsideration of the October Ruling. But I do not accept Defendants' opposition based on the proposition that Plaintiff's motion fails completely to comply with the requirements of Local Rule 7, and consequently should be denied out of hand. For the reasons stated, the Plaintiff is entitled to the Court's further consideration of the contentions Plaintiff makes in the present motion. Defendants, of course, are entitled to contend that Plaintiff's present contentions are entirely without merit, and the October Ruling (wise and just, in Defendants' perception) should be left undisturbed.

For the foregoing reasons, Plaintiff's Motion to Reconsider [Doc. 133] is GRANTED, in the manner and for the purpose provided in this Memorandum and the following Order.

The Court makes this Order:

1.  An oral argument on the issues raised by Plaintiff's motion to reconsider will be

conducted by telephone conference on Wednesday, **December 2, 2020**, at **2:00 p.m.** Chambers will advise counsel of the call-in number.

2. The Court may ask for further briefs of counsel after the transcript of that teleconference hearing is at hand.

It is SO ORDERED.

Dated:   New Haven, Connecticut
November 19, 2020

/s/Charles S. Haight, Jr.
CHARLES S. HAIGHT, JR.
Senior United States District Judge